## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| SETH REISENAUER, an individual, and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COLUMBIA DEBT RECOVERY d/b/a GENESIS CREDIT MANAGEMENT, LLC, a Washington limited liability company, <br><br> Defendant. | No. <br><br> **SUMMONS** |

**TO:**      **THE CLERK OF THE COURT;**
**AND TO:**   **ABOVE-NAMED DEFENDANT**

A lawsuit has been started against you in the above-entitled court by SETH REISENAUER, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to this Complaint by stating your defenses in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons if served within the State of Washington, or within sixty (60) days after service, if served outside the State of Washington, excluding the

SUMMONS - Page 1 of 3

date of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what he or she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 22nd day of February, 2021.

KIRK D. MILLER, P.S.
CAMERON SUTHERLAND, PLLC

Kirk D. Miller, WSBA #40025
Shayne J. Sutherland, WSBA #44593
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 315-4507
kmiller@millerlawspokane.com
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

SUMMONS - Page 2 of 3

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507

# SERVICE MEMBERS CIVIL RELIEF ACT NOTICE DISCLOSURE

**NOTICE:** State and federal law provide protections to defendants who are in the military service, and to their dependents. Dependents of a service member are the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than one-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. This notice pertains only to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days. Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, or a national guard member under a call to service authorized by the governor of the state of Washington, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorneys about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

SUMMONS - Page 3 of 3

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507

## IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| SETH REISENAUER, an individual, and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No.: |
| vs. | ) **COMPLAINT – CLASS ACTION** |
| COLUMBIA DEBT RECOVERY, d/b/a GENESIS CREDIT MANAGEMENT, LLC, a Washington limited liability company, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

COMES NOW, Plaintiff, Seth Reisenauer, by and through his attorneys of record, Kirk D. Miller, of *Kirk D. Miller, P.S.* and Shayne J. Sutherland of *Cameron Sutherland, PLLC*, and for causes of action against the above-named Defendant, complains and alleges as follows:

### I.    INTRODUCTION

1.1    This is an action for damages and remedies against Columbia Debt Recovery, d/b/a Genesis Credit Management, LLC (hereinafter "Genesis") pursuant to the Fair Debt Collection Practices Act, ("FDCPA" 15 U.S.C. § 1692, *et seq.*) and the Washington Consumer Protection Act ("WCPA" RCW 19.86, *et seq.*)

COMPLAINT-CLASS ACTION - Page 1 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

## II.    JURISDICTION & VENUE

2.1    This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and RCW 4.28.185.

2.2    Venue is proper in this Court pursuant to RCW 4.12.020. Plaintiff is a resident of Spokane County, WA and, at all times relevant to this action, Defendant conducted business in Spokane County, WA.

## III.    PARTIES

3.1    Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 2.2 above.

3.2    Plaintiff Seth Reisenauer is a natural person residing in Spokane County, Washington.

3.3    Plaintiff Seth Reisenauer is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.4    Defendant Columbia Debt Recovery, LLC d/b/a Genesis Credit Management is a Washington limited liability company, licensed as a collection agency to conduct business in the state of Washington.

3.5    Defendant Genesis attempted to collect a "debt" from Plaintiff, as that term is defined by the FDCPA 15 U.S.C. § 1692a(5).

3.6    Defendant Genesis regularly uses instrumentalities of interstate commerce or the mail in its business.

3.7    Defendant Genesis uses the mail in its attempts to collect debts.

COMPLAINT-CLASS ACTION - Page 2 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

3.8     Defendant Genesis is a Washington limited liability company engaged in the business of collecting debts that are originally owed or due, or asserted to be owed or due, to another.

3.9     Defendant Genesis regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

3.10    Defendant Genesis is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.11    Defendant Genesis is a "collection agency" as defined by RCW 19.16.100.

### IV.    FACTS

4.1     Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.11 above.

4.2     Defendant alleges that Plaintiff incurred a debt sometime prior to August 30, 2018.

4.3     The alleged debt is an obligation incurred primarily for personal, family, or household purposes.

4.4     Specifically, the debt Defendant was attempting to collect from the Plaintiff was for residential tenancy rents and related fees alleged due to Plaintiff's former landlord, Hilton Real Estate (hereinafter "Hilton").

4.5     In March 2015, Plaintiff moved into a residential rental property located at 1416 2nd Street, in Cheney, Washington (hereinafter "2nd Street"), under a lease that expired in March of 2016.

4.6     From March 1, 2015 through March 31, 2016, Plaintiff had a roommate.

COMPLAINT-CLASS ACTION - Page 3 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

4.7    Upon commencement of the tenancy, Plaintiff and his roommate were required to pay a combined $600 "Performance Deposit."

4.8    On or about March 17, 2016, a Partial Release Addendum was signed by Plaintiff, his roommate, and Hilton, which released the Plaintiff's roommate from any responsibility regarding the duplex unit after the roommate vacated the unit in March 2016.

4.9    Under the terms of the Addendum, Plaintiff assumed responsibility for the lease terms.

4.10    On or before July 31, 2018, Plaintiff vacated the 2nd Street premises.

4.11    On or about August 18, 2018, Hilton sent Plaintiff a "Performance Deposit Accounting" form, which alleged that Plaintiff owed $1559.65 to Hilton, after applicable credits and deductions.

4.12    Prior to receiving the "Performance Deposit Accounting," Plaintiff did not know that Hilton intended to charge him anything for post move-out costs or expenses.

4.13    Included in the accounting were charges for: "General Cleaning" in the amount of $420.00; "Carpet Cleaning" in the amount of $80.00; "UTILITY CHARGES" in the amount of $48.76; and replacement of four (4) blinds, paint patches and a hallway patch, and patching three (3) carpet holes at the doorways in the amount of $610.89.

4.14    The amount of charges assessed for these alleged cleaning, blind replacement, painting, and carpet repair were dependent on Hilton's opinion and discretion, not capable of determination by reference to any fixed standard, not stated in the lease or any lease addendum, and were unliquidated.

4.15    Neither Plaintiff nor his roommate caused any damage to the Hilton property beyond normal wear and tear.

COMPLAINT-CLASS ACTION - Page 4 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

4.16  Plaintiff was entitled to the return of his entire deposit.

4.17  Plaintiff demanded return of his deposit from Hilton.

4.18  Despite Plaintiff demanding Hilton return his performance deposit, Hilton refused.

4.19  On August 28, 2018, Plaintiff filed a claim against Hilton in Small Claims Court in the Spokane County District Court in 2018, Cause No. 1860032, seeking return of his deposit from Hilton.

4.20  On October 9, 2018, Plaintiff obtained a judgment against Hilton in the amount of $614.00, which included the full amount of his damage deposit in the amount of $600, plus his court filing fee in the amount of $14.00.

4.21  The Spokane County District Court rejected Hilton's claim that Plaintiff damaged the rental property in any way that exceeded normal wear and tear.

4.22  Hilton could have, but did not, assert a counterclaim against Plaintiff in the Spokane County Small Claim action.

4.23  Following the expiration of the appeal period, it is *res judicata* that Plaintiff owed nothing to Hilton.

4.24  The October 9, 2018 judgment against Hilton is public record, which Defendant could have accessed.

4.25  On or about November 20, 2018, a Satisfaction of Judgment was filed.

4.26  Hilton did not appeal the Spokane County District Court judgment.

4.27  Sometime in or after November 20, 2018, Hilton assigned Plaintiff's account – the same account that was the subject of the Spokane District Court lawsuit and judgment in favor of the Plaintiff - to Defendant for collection.

COMPLAINT-CLASS ACTION - Page 5 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

4.28    Sometime in or around April, 2020, Defendant sent Plaintiff a dunning letter titled "Price Reduction & Offer of Settlement," which demanded the principal amount of $1159.65 and interest charges in the amount of $220.36, for a total alleged debt of $1,380.01.

4.29    The parties' lease agreement did not provide for interest on uncertain amounts that might eventually be claimed due by Hilton.

4.30    The Plaintiff did not agree to pay interest on uncertain amounts that might eventually be claimed due by Hilton.

4.31    Defendant routinely attempts to collect interest at the rate of 12% in its communication with consumers.

4.32    Defendant's standard collection procedure includes attempting to collect interest on its collection accounts.

4.33    Defendant calculated the interest owed by Plaintiff from the end of Plaintiff's tenancy, not the date of any invoice or written accounting for the charges.

4.34    Defendant's standard collection procedure includes attempting to collect interest from the end of the tenancy, rather than from the date that any specific charges are made known to the former tenant.

4.35    Unless a claim has been reduced to judgment or the claims are liquidated, Defendant has no right to collect interest.

4.36    The interest demanded in the April 2020 letter included interest on unliquidated amounts and demanded payment for money that the Spokane County District Court previously determined, as a matter of law, that he did not owe.

4.37    The interest demanded in the April 2020 letter included interest calculated from the end of Plaintiff's tenancy at Hilton.

COMPLAINT-CLASS ACTION - Page 6 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

4.38    On or about January 19, 2021, Defendant sent Plaintiff another dunning letter, which added additional interest on unliquidated sums and demanded a total of $1503.92.

4.39    The interest demanded in the January 2021 letter included interest on unliquidated amounts and demanded payment for money that the Spokane County District Court previously determined, as a matter of law, that he did not owe.

4.40    The interest demanded in the January 2021 letter included interest calculated from the end of Plaintiff's tenancy at Hilton.

4.41    Since April 2020, Defendant has continuously reported the alleged debt, including interest, to one or more credit reporting agencies.

4.42    Plaintiff disputed the Defendant's collection trade line on his credit report, but Defendant nevertheless continues to report the collection account to one or more credit reporting agencies as accurate.

4.43    Defendant's false and defamatory reporting of inaccurate information on Plaintiff's credit report caused his credit score and creditworthiness to diminish.

## V.    VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1    Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 4.43 above.

5.2    The Defendant, through its own acts, by and through its agents and employees, and through its policies and procedures, has violated the FDCPA, which has caused damage to Plaintiff.

COMPLAINT-CLASS ACTION - Page 7 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

5.3     By claiming interest on unliquidated amounts alleged due, when such interest was not authorized in the parties' lease agreement or permitted by law, Defendant violated the FDCPA, including 15 U.S.C. § 1692f(1).

5.4     By attempting to collect a debt arising from a tenancy in which Plaintiff was wholly absolved from and therefore could not be liable, Defendant violated the FDCPA, including 15 U.S.C. §§ 1692e and 1692f.

5.5     By communicating to third parties, including credit reporting agencies, that Plaintiff allegedly owed a debt to another, Defendant violated the FDCPA, including 15 U.S.C. §§ 1692c, 1692e, and 1692f.

5.6     Through its violations of the FDCPA, Defendant caused damages to Plaintiff, including reporting derogatory information on his credit report, which lowered his credit score.

## VI.    VIOLATION OF CONSUMER PROTECTION ACT/COLLECTION AGENCY ACT

6.1     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs herein with the same force and effect as if the same were set forth at length herein.

6.2     Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.3     Pursuant to RCW 19.16.440, a collection agency that violates the Prohibited Practices section of the Collection Agency Act ("CAA"), RCW 19.16.250 has committed unfair and deceptive trade practices for purposes of application of the CPA.

6.4     Defendant's acts complained of herein are unfair acts and practices under the Washington State Consumer Protection Act.

COMPLAINT-CLASS ACTION - Page 8 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

6.5     All of Defendant's actions complained of herein occurred within the scope of their trade as collection agencies and debt collectors.

6.6     Plaintiff suffered an injury to his property as a direct and proximate result of Defendant's actions.

6.7     Defendant's practices with respect to collection activities have affected many Spokane County, Washington residents.

6.8     Defendant's policies and practices naturally impact the public interest.

6.9     The post-tenancy charges that Defendant attempted to collect from Plaintiff and others are "claims" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied."

6.10    Plaintiff is a "debtor" as defined by RCW 19.16.100(7) because Defendant alleged that he owed or owes a "claim."

6.11    Defendant knew or should have known that it has no right to charge prejudgment interest on unliquidated sums.

6.12    A violation of the provisions of the Washington Collection Agency Act is a *per se* violation of the Consumer Protection Act. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 155, 803 P.2d 10, 12 (1991).

6.13    The CAA prohibits a collection agency from communicating with a debtor and representing or implying that the existing obligation of the debtor has been increased by the addition of any fees or charges that cannot be legally added to the obligation. RCW 19.16.250(15).

COMPLAINT-CLASS ACTION - Page 9 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

6.14     The CAA prohibits a collection agency from threatening to take any action against a debtor which the licensee cannot legally take at the time the threat is made. RCW 19.16.250(16).

6.15     Defendant threatened to take actions it cannot legally take when it impaired former tenants', including Plaintiff's credit ratings for not paying the claims allegedly owed, which included inaccurate prejudgment interest.

6.16     The CAA prohibits a collection agency from collecting or seeking to collect interest and fees not legally due. RCW 19.16.250(21).

6.17     Defendant violated RCW 19.16.250(13), (15), (16) and (21) when it repeatedly communicated to Plaintiff that he owes amounts not legally due and interest or fees on those amounts that are not legally due.

6.18     Because Defendant violated the aforementioned sections of RCW 19.16.250, then pursuant to RCW 19.16.450, neither Defendant nor any other party is entitled to recover any interest, service charges, attorneys' fees, collection costs, or any other fees or charges that might otherwise be owed, other than the amount of the original obligation.

6.19     Defendant's attempts to collect illegal sums from Spokane County, WA residents will, if not enjoined, continue to injure others throughout Spokane County and the state of Washington.

## VII.    CLASS ALLEGATIONS

7.1     Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 6.26 above.

7.2     Plaintiff brings this claim on behalf of the following classes, pursuant to CR 23(a) and 23(b)(3).

COMPLAINT-CLASS ACTION - Page 10 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

7.3     The Class consists of:

(a)     All individuals who held a residential tenancy;

(b)     In Spokane County, Washington;

(c)     Where the tenancy terminated for any reason;

(d)     Where the landlord claimed amounts due and owing for cleaning and/or damage to the rental property, following termination of the tenancy;

(e)     Where part or all of the amounts claimed due and owing derived from unliquidated damages (as opposed to charges for rent and other contractually pre-determined charges);

(f)     Where the amounts claimed owed were forwarded to Defendant for collection; and

(g)     Where Defendant added interest to the unliquidated charges.

7.3.1   **Subclass A** consists of those class members who meet all requirements of 7.3 and have additionally paid any amount to Defendant, which was applied to pre-judgment interest on the unliquidated charges.

7.4     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

7.5     Excluded from the Class are the Defendant and all its officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

COMPLAINT-CLASS ACTION - Page 11 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

7.6     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of CR 23, because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis, alleges that the Class defined above is so numerous that joinder of all members would be impractical.

      i. Defendant added interest to the unliquidated charges of at least 500 putative class members.

      ii. More than 500 people paid money to the Defendant, which was applied to interest charged on unliquidated sums.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's illegal addition of prejudgment interest violates 15 U.S.C §§ 1692e and f, and the Washington Consumer Protection Act (RCW 19.86, *et seq.*).

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have

COMPLAINT-CLASS ACTION - Page 12 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

7.7    Certification of a class under CR 23(b)(3) is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.8    The FDCPA claims apply to the Defendant's illegal acts and omissions occurring in the one year preceding the filing of this case, through the date that the class is certified.

7.9    The WCPA claims apply to the Defendant's illegal acts and omissions occurring in the four years preceding the filing of this case, through the date that the class is certified.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

8.1    Certification of the class, with appointment of Plaintiff as class representative and Kirk D. Miller, P.S. and Cameron Sutherland, PLLC, as class counsel;

8.2    Actual and statutory damages pursuant to the FDCPA and WCPA;

8.3    Treble damages under the WCPA;

COMPLAINT-CLASS ACTION - Page 13 of 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507

8.4 Statutory damages against the Defendant in the amount of one thousand dollars ($1,000.00) for Plaintiff and the lesser of $500,000.00 or 1% of the Defendant's net worth, pursuant to the FDCPA 15 U.S.C. §1692k(a)(2)(A) and (B);

8.5 An order enjoining Defendant from attempting to collect any amount greater than the principal amount of the claim;

8.6 An order enjoining Defendant from assigning to any person or entity any amount greater than the principal amount of the claim;

8.7 An order prohibiting Defendant from attempting to collect prejudgment interest on any unliquidated sums;

8.8 Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3), RCW 19.86.090 and any other applicable contract or statute;

8.9 For additional declaratory and injunctive relief as warranted;

8.10 Attorneys' fees and costs of suit, including expert-witness fees, and prejudgment interest; and

8.11 For such other and further relief as may be just and proper.

DATED this 23rd day of February, 2021.

KIRK D. MILLER, P.S.
CAMERON SUTHERLAND, PLLC

Kirk D. Miller, WSBA #40025
Shayne J. Sutherland, WSBA #44593
Attorneys for Plaintiff

COMPLAINT-CLASS ACTION - Page 14 OF 14

Kirk D. Miller, P.S.
Cameron Sutherland, PLLC
421 W. Riverside Ave., Suite 660
Spokane WA 99201
(509) 315-4507