FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3/24/22

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SETH REISENAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBIA DEBT RECOVERY d/b/a GENESIS CREDIT MANAGEMENT, LLC,<br><br>    Defendant. | No. 2:21-CV-00122-SAB<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 19. The motion was considered without oral argument. Plaintiff Seth Reisenauer is represented by Kirk Miller and Shayne Sutherland. Defendant Columbia Debt Recovery doing business as Genesis Credit Management, LLC ("CDR") is represented by Daniel Culicover and Petra Ambrose.

This case is about CDR's alleged practice of adding prejudgment interest to unliquidated debts. Mr. Reisenauer is a former tenant of Hilton Real Estate ("Hilton"). CDR billed Mr. Reisenauer for amounts allegedly due to Hilton after he vacated his apartment on July 31, 2018. CDR charged Mr. Reisenauer a 12% prejudgment interest on the debt from his move-out date of July 31, 2018. CDR now moves for summary judgment on whether Mr. Reisenauer's debt was dissolved and whether CDR lawfully added prejudgment interest to the debt from his move-out

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *1**

date. Mr. Reisenauer disputes that he owes any debt related to the Hilton tenancy, as it was discharged by a state court. To the extent he does owe any debt, Mr. Reisenauer argues that the debt is unliquidated, and therefore it was unlawful for CDR to add prejudgment interest to the debt. He also avers that, even if the debt was liquidated, it was unlawful for CDR to charge prejudgment interest from the date of his move out and prior to when he could ascertain the amount due.

The Court grants summary judgment in part to CDR. Mr. Reisenauer's debt to Hilton was not discharged by the Spokane County Superior Court, and the state court's representations are dispositive on the issue. However, as to whether CDR lawfully applied prejudgment interest to the debt from Mr. Reisenauer's move-out date, the Court concludes that disputes of material fact preclude summary judgment.

## Procedural History

Mr. Reisenauer filed this putative class action in Spokane County Superior Court on February 23, 2021, alleging violations of the Fair Debt Collections Practice Act, 15 U.S.C. § 1692 *et seq.*, Washington Consumer Protection Act, RCW § 19.86 *et seq.*, and Washington Collection Agency Act, RCW § 19.16.250 *et seq.* Mr. Reisenauer alleges that CDR has a pattern of unlawful billing practices whereby CDR adds interest to unliquidated charges, specifically charges for amounts due and owing for cleaning and/or damage to rental properties, following termination of a tenancy. ECF No. 1-2 at 14. CDR removed the action to the U.S. District Court for the Eastern District of Washington on March 25, 2021. ECF No. 1. CDR denies all claims against it. ECF No. 3.

On December 8, 2021, CDR filed this Motion for Summary Judgment, ECF No. 19. Pursuant to the parties' joint stipulation, the Court extended deadlines to file motions for summary judgment and responses on December 13, 2021. In that Order, the Court permitted Mr. Reisenauer and CDR to file motions for summary judgment by February 1, 2022. CDR filed an additional Motion for Summary Judgment by that deadline. ECF No. 27.

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *2**

On February 11, 2022, Mr. Reisenauer filed a Motion to Stay consideration of CDR's second motion for summary judgment pending resolution of the first motion. ECF No. 32. The Court granted the motion on February 23, 2022 and thus considers CDR's Motion for Summary Judgment, filed on December 8, 2021, in this Order. ECF No. 35.

**Facts**[1]

In March 2015, Seth Reisenauer rented an apartment from Hilton Real Estate ("Hilton"). He moved out of the Hilton apartment on July 31, 2018. The next month, Hilton sent a bill to him for $559.65, which included damages to the apartment, to wit—$610.89 for repairs to blinds, wall patches, a broken refrigerator rail, and holes in the carpet; $420.00 for general cleaning; and $80.00 for deep carpet cleaning. However, Hilton withheld $600 from Mr. Reisenauer, the total of his security deposit, to offset the cleaning and repair costs. Thus, the total amount billed was $559.65. The Court refers to the charged amount as the "debt" throughout this Order.

Subsequently, Mr. Reisenauer sued Hilton in state court, asserting that Hilton could not withhold his security deposit. The state court found in favor of Mr. Reisenauer and ordered Hilton to return Mr. Reisenauer's $600 security deposit. During a hearing on October 9, 2018, the state judge acknowledged that—despite the ruling regarding the security deposit—Hilton could bring a cause of action against Mr. Reisenauer for damages to the unit.

On November 30, 2018, Hilton allegedly assigned Mr. Reisenauer's debt to CDR. Mr. Reisenauer disputes that there was any assignment of the debt from Hilton to CDR. Nonetheless, after Mr. Reisenauer's security deposit was returned, CDR

---

[1] These facts can be found in the parties' respective statements of material facts, submitted pursuant to Federal Rules of Civil Procedure 56 and Local Civil Rule 56.1(c)(1). ECF Nos. 20, 25.

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *3**

attempted to collect $1,159.65 from Mr. Reisenauer. CDR charged 12% prejudgment interest beginning on July 31, 2018, Mr. Reisenauer's move-out date.

## Legal Standard

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### B. First Cause of Action: FDCPA, 15 U.S.C. § 1692

Among other things, the FDCPA prohibits a debt collector from communicating with third parties "in connection with the collection of any debt, with

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *4**

any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).[2] Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Similarly, section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." For example, the collection of any amount not "expressly authorized by the agreement creating the debt or permitted by law" is considered a violation of this section. *Id.* § 1692f(1).

Two FDCPA claims are relevant to the present motion. Mr. Reisenauer contends that CDR violated the FDCPA by (1) attempting to collect a principal debt that Mr. Reisenauer is not liable for, and (2) applying pre-judgment interest on debt that was unliquidated. He claims these practices violated 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692f(1).

### C. Second Cause of Action: Washington Collection Agency Act, RCW § 19.16.100 et seq. and Washington Consumer Protection Act, RCW § 19.86.010 et seq.

The Washington Collection Agency Act ("WCAA"), RCW § 19.16.100 *et seq.*, is the state's counterpart to the FDCPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 53 (2009). Like the FDCPA, the WCAA "prohibits collection agencies from making false representations as to the legal status of a debt, threatening the debtor with impairment of credit rating, attempting to collect amounts not actually owed, or implying legal liability for costs not actually recoverable, . . . among other practices." *Id.* Section 19.16.250(21) of the WCAA prohibits an attempt to collect, in addition to the principal amount of a claim, any

---

[2] An exception to this rule exists under 15 U.S.C. § 1692b, but it is inapplicable to this case.

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *5**

sum other than allowable interest. RCW § 19.16.250(21). Further, section 19.16.250(16) prohibits threats to take action against a debtor when the licensee cannot legally take action at the time the threat is made. *Id.* § 19.16.250(16). Finally, the WCAA also outlaws communications with a debtor to harass or intimate the debtor, *id.* § 19.16.250(13), or that represent or imply that the existing obligation may be increased by other fees when such fees may not legally be added, *id.* § 19.16.250(16).

The Washington Consumer Protection Act ("WCPA"), RCW § 19.86.010 *et seq.*, prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *Id.* § 19.86.020. A WCAA violation is enforced through the WCPA, and violations of the WCAA are *per se* violations of the WCPA. *Panag*, 166 Wash.2d at 53; *Evergreen Collectors v. Holt*, 60 Wash.App. 151, 155 (1991). Although there are "notable differences" between the FDCPA and WCAA, *see Gray v. Suttell & Assocs.*, 181 Wash.2d 329, 335 (2014), courts look to the FDCPA as an aid in interpreting the CAA particularly when the specific provisions of the two statutes at issue are similar, *see, e.g.*, *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1248 (W.D. Wash. 2006) (finding that the defendant violated the WCAA after finding that the defendant violated a similar provision of the FDCPA).

Mr. Reisenauer's state claims substantively mirror his FDCPA claims. He avers that CDR violated section 19.16.250(21) of the WCAA by improperly adding interest to the debt; section 19.16.250(16) by threatening to add unauthorized interest to the debt; and sections 19.16.250(13), (15), (16), and (21) by seeking to recover amounts not legally due.

//
//
//
//

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *6**

**Discussion**

    A.    *Whether Mr. Reisenauer's debt was discharged.*

First, CDR moves for summary judgment on whether Mr. Reisenauer's Hilton debt was discharged by the state court. CDR contends that the debt in question was not discharged. CDR cites the state court transcript in support of this assertion.

In this case, the Court finds that Mr. Reisenauer was not legally absolved of the debt. The state court transcript is decisive on this issue. On October 9, 2018, the state court held a hearing on Mr. Reisenauer's claim that he was entitled to return of his security deposit. While granting that request and entering judgment in favor of Mr. Reisenauer, the state court expressly held that Hilton could subsequently pursue a claim for damages against Mr. Reisenauer. *See, e.g.*, ECF No. 20-8 at 4 ("Just because I rule today in favor of the plaintiff as it relates to his damage deposit . . . does not preclude the landlord from bringing a cause of action against the plaintiff for damages, okay? . . . [M]y ruling today doesn't preclude you from bringing a cause of action against him for damages[.]"). The judge's finding was repeatedly stated on the record—and the judge was clear that his ruling did not speak to the veracity of Hilton's asserted damages. On this issue, the ruling is unambiguous and easily discernable based on a review of the hearing transcript and recording.

In contrast, Mr. Reisenauer has proffered no evidence to indicate that the debt was discharged. He is now silent on the issue and appears to have abandoned the assertion. In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief can constitute waiver or abandonment of the uncontested issue. *See, e.g.*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).

Mr. Reisenauer asserts that at least part of the principal debt CDR attempted to collect was unlawful, because certain damages resulted from "ordinary use of the premises," in violation of RCW § 59.18.280(1)(a). However, the issue of whether specific charges violate section 59.18.280(1)(a) is not before the Court. The Court

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *7**

makes no findings on the veracity of Hilton's underlying claim against Mr. Reisenauer. It only finds that Mr. Reisenauer's Hilton debt was not discharged by the state court.

Accordingly, CDR is entitled to summary judgment on Mr. Reisenauer's causes of action that have debt dissolution as their sole basis. Summary judgment is granted as to Mr. Reisenauer's claim that CDR violated the FDCPA, 15 U.S.C. §§ 1692c, 1692e, and 1692f, for attempting to collect debt that he was absolved of. ECF No. 1-2 at 11 ¶¶ 5.4–5.5. To the extent identical claims are also brought under the WCAA, RCW §§ 19.16.250(13), (15), (16), and (21), CDR is entitled to judgment on these claims as well. *Id.* at 13.

B. *Whether CDR lawfully added prejudgment interest to the debt from July 31, 2018.*

CDR also moves for summary judgment on the issue of whether it lawfully billed Mr. Reisenauer for prejudgment interest from July 31, 2018. CDR argues the debt was liquidated, and therefore, application of prejudgment interest was lawful. On a motion for summary judgment, the evidence is construed in light of the non-moving party, and all inferences are drawn in its favor. *Anderson*, 477 U.S. at 255. In this case, the evidence is not conclusive that the filed invoices were paid or that the debt was legally assigned to CDR. As material facts are disputed by the parties, the Court denies summary judgment on this issue.

The parties first dispute whether Hilton paid for expenses to clean and repair the apartment. CDR filed three invoices to support its contention that the amount due is supported by invoices and therefore is liquidated. ECF Nos. 20-4, 20-5, 20-6. Two invoices have the word "PAID" written on them by hand, and all three invoices are dated after Mr. Reisenauer's move-out date of July 31, 2018. ECF Nos. 20-5, 20-6. As Mr. Reisenauer notes, however, the invoices were not authenticated and, in either case, they do not affirmatively show that Hilton paid for any services, and if so, on what date. The Court concludes that the submitted evidence does not

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *8**

demonstrate that the amounts billed were ever paid for by Hilton or its alleged assignee. These factual issues are material to whether the debt is liquidated and if it was appropriate to charge prejudgment interest.

Additionally, the parties dispute whether there was a legal assignment of the debt to CDR. To support the assertion that it was assigned Hilton's debt, CDR submitted a single document that appears to be a screenshot of its internal computer system. Based on this evidence alone, the Court cannot conclude there was a debt assignment as a matter of law. Thus, summary judgment is denied.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED IN PART and denied in part**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 24th day of March 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *9**