FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SETH REISENAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBIA DEBT RECOVERY d/b/a GENESIS CREDIT MANAGEMENT, LLC,<br><br>    Defendant. | No. 2:21-CV-00122-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration, ECF No. 40. The motion was considered without oral argument. Plaintiff Seth Reisenauer ("Mr. Reisenauer") is represented by Kirk Miller and Shayne Sutherland. Defendant Columbia Debt Recovery doing business as Genesis Credit Management, LLC ("Defendant CDR") is represented by Daniel Culicover and William Lockwood.

Defendant CDR requests the Court to reconsider its Order Granting in Part Defendant's Motion for Summary Judgment. ECF No. 39. In that Order, the Court granted summary judgment in favor of Defendant CDR on Mr. Reisenauer's claims that his Hilton tenancy debt was dissolved. *Id.* at 8. The Court denied summary judgment on the remaining legal issue of whether Mr. Reisenauer's debt was liquidated, finding that there was a dispute of material fact. *Id.* at 9. Defendant CDR asks that the Court reconsider this second finding.

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION** *1

A district court may reconsider its disposition of a motion for summary judgment pursuant to Federal Rule of Civil Procedure 59(e). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 54.78[1] (3d ed. 2000)). A court may only alter or amend a previous ruling or judgment under Rule 59(e) if: (1) it "is presented with newly discovered evidence"; (2) it "committed clear error or made an initial decision that was manifestly unjust"; or (3) "there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

The Court finds Defendant CDR has not provided a reason for this Court to reconsider its Order under Rule 59(e). While Defendant CDR does not specify the bases upon which it moves for reconsideration, the Court presumes either (1) newly discovered evidence or (2) clear error or manifest injustice.

First, Defendant CDR submits a new exhibit in support of its motion: a professional service agreement assigning debt to Pride Recovery Services, LLC, Defendant CDR's alleged predecessor entity, which is dated July 21, 2010. ECF No. 42 at 5. "[A] party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." *Zimmerman*, 255 F.3d at 740 (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Defendant CDR does not contend the agreement is "newly discovered" or could not have been proffered sooner. In contrast, the contract dated July 21, 2010 was plainly available to Defendant CDR when it moved for

**ORDER DENYING DEFENDANT'S**
**MOTION FOR RECONSIDERATION *2**

summary judgment. Therefore, the exhibit does not constitute "newly discovered evidence" as envisioned by Rule 59(e).

Second, Defendant CDR reiterates the same legal arguments, albeit with greater detail and legal citation. *See* ECF No. 40 at 5–9. Defendant CDR may be moving for reconsideration under the clear error or manifest injustice standard. If so, nothing has changed since the Court's disposition of these legal issues. Disputes of material fact still preclude summary judgment on the issue of whether Mr. Reisenauer's debt is liquidated (and therefore, whether application of prejudgment interest was lawful). Defendant CDR has demonstrated neither clear error nor manifest injustice.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 40, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION *3**